UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS DOON MCCLELLAN, | Case No. 2:25-cv-03580-DC-CKD |
| Plaintiff, | |
| v. | ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND |
| EL DORADO COUNTY SHERIFF'S OFFICE, ET AL., | (ECF Nos. 1, 2) |
| Defendant. | |

Plaintiff Louis Doon McClellan is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 5.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

## I.      SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). In performing this screening, the court liberally construes a pro se plaintiff's

---

[1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

## II.    ALLEGATIONS IN FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint ("FAC") names the El Dorado County Sheriff's Office as well as a California Highway Patrol Officer Renk and El Dorado County Sheriff's Deputy S. Camarillo as Defendants. (ECF No. 4 at 3.) Plaintiff alleges a cause of action under 42 U.S.C. § 1983. *Id*. at 2. Plaintiff alleges he is homeless. *Id*. at 3. Plaintiff alleges that Defendant El Dorado County Sheriff's Office "booked all of [his] personal sleeping gear in Placerville…" *Id*. Plaintiff alleges that the two officer Defendants claimed Plaintiff was trespassing on Tahoe Conservatory-owned property. *Id*. at 4. Plaintiff claims that the property "has no address" nor were there any postings that said it was private property. *Id*. Plaintiff claims that Defendant El Dorado County Sheriff's Office performed the takings on May 25, 2024, and August 5, 2024. *Id*. Separately, Plaintiff alleges that the California Highway Patrol performed a taking on June 9, 2024. *Id*.

## III.    PLEADING STANDARDS

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council*

2

*v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

## IV.    DISCUSSION

### A.    Federal Rule of Civil Procedure 8

The FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's FAC reveals it fails to state a claim for relief under Section 1983. *See Iqbal*, 556 U.S. at 678.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An

individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, a plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

### 1. Defendants Renk and Camarillo

Plaintiff brings a claim for individual liability against Defendants Rank and Camarillo pursuant to Section 1983. He alleges "cruel and unusual punishment" to describe Defendants' alleged takings of his personal items. (ECF No. 4 at 3.) The Ninth Circuit recognizes a violation of an individual's Fourth and Fourteenth Amendment rights for unreasonable seizure and destruction of unabandoned belongings of homeless persons. *See Levan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012).

Under the Fourth Amendment, individuals are protected from unreasonable searches and seizures. *See Katz v. U.S.*, 389 U.S. 347, 359 (1967). These protections extend to individuals' possessory interests in property. *U.S. v. Paige*, 136 F.3d 1012, 1021 (5th Cir. 1998) (citing *Soldal v. Cook County, Ill.,* 506 U.S. 56, 62-63 (1992)). For Plaintiff to prevail on a Fourth Amendment Claim, he must establish that the seizure of property was unreasonable. *See Levan*, 693 F.3d at 1030.

Likewise, homeless plaintiffs share Fourteenth Amendment protection that forbids the State from the deprivation of "life, liberty, or property without due process of law." *Id*. (citing U.S. Const. amend. XIV § 1). The Ninth Circuit recognizes a property interest in a person's continued interest in his or her unabandoned personal possessions. *Id*. For Plaintiff to successfully plead a violation of due process under the Fourteenth Amendment, he must establish that he was entitled to procedural protections before being permanently deprived of his possessions. *Id*.

Plaintiff attempts to establish an unreasonable seizure within his FAC by alleging that he was not trespassing when his possessions were taken. (ECF No. 4 at 4.) Additional information is needed to establish the precise circumstances of the seizure. Additionally, Plaintiff alleges that

seizures happened on three separate occasions within a four-month period in 2024. *Id*. Plaintiff will be granted leave to amend to establish the exact circumstances of each of these seizures.

Additionally, if Plaintiff wishes to pursue a Fourteenth Amendment claim under Section 1983, he must state what procedural protection with which he was entitled as well and that he was deprived of such protection when his belongings were taken.

2.      Defendant El Dorado County Sheriff's Department

Plaintiff appears to bring a claim for liability against Defendant El Dorado County Sheriff's Department pursuant to Section 1983. "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, the FAC does not allege any facts that could support a *Monell* claim. Plaintiff does not allege that Defendant El Dorado County Sheriff's Department acted on any particular policy. Therefore, the claims against Defendant Sacramento County Sheriff's Department are dismissed

with leave to amend. Plaintiff will be provided an opportunity to amend his FAC but must allege specific facts demonstrating Plaintiff's alleged constitutional violations resulted from Defendant El Dorado County Sheriff's Department's "execution of a government's policy or custom." *Monell*, 436 U.S. at 694.

## V.    LEAVE TO AMEND

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under Section 1983, the Court finds it appropriate to grant Plaintiff an opportunity to amend the FAC. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file a second amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The second amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The second amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The second amended complaint must

6

not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id.* at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

## VI.    PLAIN LANGUAGE SUMMARY FOR PRO SE PARTY

The following information is meant to explain this order in plain English and is not intended as legal advice.

Your FAC is being dismissed because it fails to state a claim regarding the seizure of your belongings. However, you are being given the chance to fix the problems identified in this order by filing a second amended complaint. If you wish to file a second amended complaint you must clearly identify the circumstances of your seizures, and the specific actions or inactions the named Defendants undertook to support your allegations.

## VII.    CONCLUSION

In accordance with the above, IT IS ORDERED that:

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is GRANTED;

2.    Plaintiff's FAC (ECF No. 4) is DISMISSED with leave to amend; and

3.    Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated:  March 19, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, mccl.3580

7