UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS DOON MCCLELLAN,<br>Plaintiff,<br>v.<br>EL DORADO COUNTY BOARD OF SUPERVISORS,<br>Defendant. | No. 2:25–cv–03580–DC–CKD (PS)<br><u>FINDINGS AND RECOMMENDATIONS</u><br>(ECF Nos. 10, 12, 15, 16, 20) |

Plaintiff Louis Doon McClellan proceeds in this action which is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b). Plaintiff's application to proceed in forma pauperis was granted in the Court's March 19, 2026, Order screening the First Amended Complaint ("FAC"). (ECF No. 8.) The Court proceeds with screening plaintiff's Second Amended Complaint ("SAC"). (ECF No. 15.)

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

**ALLEGATIONS IN THE SAC**

The allegations in the SAC appear to be identical to those of the FAC. Plaintiff brings claims arising under 42 U.S.C. § 1983 against the El Dorado County Sheriff's Office and Defendant Officers Renk and S. Camarillo. (ECF No. 15 at 2-4.) Plaintiff alleges he is homeless and his personal belongings were seized and booked by defendant El Dorado Sheriff's Office. Id. at 3. The SAC appears to allege that plaintiff's personal property included sleeping gear, cold-weather clothing, and an eight-person tent, among other items. Id. at 4. Plaintiff also appears to allege that on an unspecified occasion, plaintiff encountered defendant Officer Renk of the California Highway Patrol and defendant Officer Camarillo of the El Dorado County Sheriff's Office and was accused of trespassing. Id.

**DISCUSSION**

**A. The SAC**

**a. Defendants Renk and Camarillo**

Just as in the FAC, plaintiff brings claims for individual liability against defendant Officers Renk and Camarillo under Section 1983. (ECF No. 4 at 3-4; 15 at 3-4.) While the exact nature of plaintiff's Section 1983 claims were unclear, the Court construed the FAC to allege Fourth and Fourteenth Amendment 1983 claims against the defendant officers. (ECF No. 8 at 4-5.) The Court dismissed plaintiff's Fourth Amendment Section 1983 claim with leave to amend to the extent plaintiff could allege factual allegations establishing that he was entitled to procedural protections before being permanently deprived of his possessions. (ECF No. 8 at 4.) The Court also dismissed plaintiff's Fourteenth Amendment Section 1983 claim for failure to allege a procedural protection and how he was deprived of this protection when his belongings were taken. Id. at 4-5.

The Ninth Circuit recognizes a violation of an individual's Fourth and Fourteenth Amendment rights for unreasonable seizure and destruction of unabandoned belongings of homeless persons. See Levan v. City of Los Angeles, 693 F.3d 1022 (9th Cir. 2012).

Under the Fourth Amendment, individuals are protected from unreasonable searches and seizures. *See Katz v. U.S.*, 389 U.S. 347, 359 (1967). These protections extend to individuals' possessory interests in property. *U.S. v. Paige*, 136 F.3d 1012, 1021 (5th Cir. 1998) (citing *Soldal v. Cook County, Ill.,* 506 U.S. 56, 62-63 (1992)). For a plaintiff to prevail on a Fourth Amendment Claim, he must establish that the seizure of property was unreasonable. *See Levan*, 693 F.3d at 1030.

Likewise, a homeless plaintiff has a Fourteenth Amendment protection that forbids the State from the deprivation of "life, liberty, or property without due process of law." *Id.* (citing U.S. Const. amend. XIV § 1). The Ninth Circuit recognizes a property interest in a person's continued interest in his or her unabandoned personal possessions. *Id.* For plaintiff to successfully plead a violation of due process under the Fourteenth Amendment, he must establish that he was entitled to procedural protections before being permanently deprived of his possessions. *Id*

The SAC's allegations are identical to those of the FAC. (ECF No. 15 at 3-4.) Plaintiff has not made any amendments to his allegations to cure the defects identified in the prior screening order. Therefore, the Court recommends dismissing the Section 1983 claims alleged against the defendant officers.

**b. Defendant El Dorado County Sheriff's Department**

Also, as in the FAC, plaintiff names the El Dorado County Sheriff's Department as a defendant. (ECF Nos. 4, 15.) The Court dismissed plaintiff's claims against defendant El Dorado County Sheriff's department in its March 19, 2026, Order for failure to allege facts giving rise to a Monell claim. (ECF No. 8 at 5-6.)

"In order to establish municipal liability [under Monell], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)). To impose liability under Monell, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006)

(citing Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1994)). A complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. See Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2002), overruling on other grounds recognized in Galbraith v. County of Santa Clara, 307 F. 3d 1119, 1125-26 (9th Cir. 2002); see also Connick v. Thompson, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. Monell, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. Anderson, 451 F.3d at 1070.

Here, as with the defendant officers, the SAC is identical to the FAC and fails to cure any of the pleading defects raised in the March 19, 2026, Order. Thus, the Court recommends dismissing plaintiff's claims against defendant El Dorado County Sheriff's Office.

**c. Leave to Amend**

For the reasons set forth above, plaintiff fails to state Section 1983 causes of action against the defendant officers and against defendant El Dorado County Sheriff's Office. As discussed in the March 19, 2026, Order dismissing the FAC, plaintiff has again failed to state a claim under Federal Rule of Civil Procedure 8 pleading standards despite being provided with the opportunity to amend. (ECF No. 8.) The Court now concludes that further leave to amend would be futile. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (leave to amend shall be freely given, but the court does not have to allow futile amendments). The SAC should be dismissed without further leave to amend. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.")

**B. Plaintiff's Miscellaneous Motions**

Plaintiff has filed a litany of motions, including: (1) a motion to stay state court

proceedings and "adjoinder" of the action McClellan v. Bruder, Case No. 24cv0706 in the El Dorado County Superior Court (ECF No. 10); (2) a motion for default judgment against all defendants (ECF No. 12); (3) another application to proceed in forma pauperis (ECF No. 16); and (4) a motion for class certification (ECF No. 20). Because the Court is recommending dismissing the SAC without leave to amend, the Court recommends denying plaintiff's second motion to proceed in forma pauperis and denying plaintiff's remaining motions as moot.

Accordingly, it is HEREBY RECOMMENDED that:

1. The Second Amended Complaint (ECF No. 15) be DISMISSED without leave to amend;
2. Plaintiff's motion to stay the El Dorado County Superior Court action, McClellan v. Bruder, Case No. 24cv0706 (ECF No. 10) be DENIED as moot;
3. Plaintiff's motion for default judgment against all defendants (ECF No. 12) be DENIED as moot;
4. Plaintiff's second application to proceed in forma pauperis (ECF No. 16) be DENIED;
5. Plaintiff's motion for class certification (ECF No. 20) be DENIED as moot;
6. The Clerk of the Court CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 3, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, mccl.25cv3580